Chaar v Arab Bank P.L.C. (2023 NY Slip Op 05184)

Chaar v Arab Bank P.L.C.

2023 NY Slip Op 05184

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Index No. 651780/22 Appeal No. 794-794A Case No. 2022-04975 

[*1]Mr. Nazem D. Chaar, et al., Plaintiffs-Appellants,
v
Arab Bank P.L.C., et al., Defendants-Respondents.

Barry E. Janay, P.C., New York (Barry E. Janay of counsel), for appellants.
DLA Piper LLP (US), New York (Samantha Chaifetz of counsel), for Arab Bank P.L.C., Bank Audi Sal, Byblos Bank, Blom Bank, Bank of Beirut S.A.L. and Credit Libanais S.A.L., respondents.
Squire Patton Boggs (US) LLP, New York (Joseph S. Alonzo of counsel), for Fenicia Bank S.A.L., respondent.

Order, Supreme Court, New York County (Margaret Chan, J.), entered August 4, 2022, which denied plaintiffs' motion to confirm an ex parte order of attachment for lack of jurisdiction, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 11, 2022, which denied plaintiffs' motion to reargue the motion, unanimously dismissed, without costs, as taken from a nonappealable paper.
Plaintiffs have previously represented to the court that the sole basis for establishing jurisdiction was through quasi in rem jurisdiction over defendants' correspondent bank accounts located in New York. The court properly addressed the threshold jurisdictional issue and found that jurisdiction was lacking.
Quasi in rem jurisdiction requires an analysis of whether the "minimum contacts" are present (Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 72 [1984]). When assessing "minimum contacts," the Court must consider "the nature and quality of the defendants' contacts with the State," which must be such as to "make it reasonable and just . . . to require the defendant to litigate the claim in the particular forum" (id. at 70, quoting International Shoe Co. v Washington, 326 US 310, 320 [1945]). Further, "when the property serving as the jurisdictional basis [here, the corresponding bank accounts located in New York] have no relationship to the cause of action and there are no other ties among the defendant, the forum and the litigation, quasi-in-rem jurisdiction will be lacking" (id. at 71; see also AlbaniaBEG Ambient Sh.p.k. v Enel S.p.A., 160 AD3d 93, 103 [1st Dept 2018]). Plaintiffs claim that defendants took part in real estate acquisitions and made trades on the New York Stock Exchange to provide money transfers and letters of credit; however, none of these activities were connected to plaintiffs' claims.
Contrary to plaintiffs' earlier arguments, they apparently also attempt to argue on appeal that the court should have exercised in personam jurisdiction over the defendants. However, "mere maintenance of a correspondent bank account in New York does not suffice to establish personal jurisdiction there" (Licci v Lebanese Canadian Bank, 673 F3d 50, 65 [2d Cir 2012] [internal quotation marks omitted]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023